526 S.E.2d 534

**Gerald L. REED and Debra L. Reed, Plaintiffs Below, Appellants,**

v.

**John L. BORD, dba Bord & Bord, Defendant Below, Appellee.**

**No. 26206.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 3, 1999.

Decided Dec. 10, 1999.

Dissenting Opinion of Chief Justice Starcher Jan. 6, 2000.

**570**

Brent E. Beveridge, Esquire, Beveridge Law Offices, Fairmont, West Virginia, Attorney for Appellants.

Daniel C. Cooper, Esquire, Robert E. Gifford, Esquire, Steptoe & Johnson, Clarksburg, West Virginia, Attorneys for Appellee.

PER CURIAM:

Appellants and plaintiffs below Gerald L. Reed, an injured telephone company worker, and his wife Debra L. Reed, appeal a grant of summary judgment against them and in favor of appellee and defendant below John L. Bord, in an action the Reeds filed for injuries Mr. Reed sustained when installing a phone line in Mr. Bord's office. Because we find that no genuine issue of material fact existed as to Mr. Bord's liability for the injuries, we affirm the trial court's grant of summary judgment.

I.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellee John L. Bord worked as an assistant prosecuting attorney for Taylor County from 1985 until being elected prosecuting attorney in the elections of 1998. As such, Mr. Bord was an employee of the Taylor County Commission ("Commission"). During that period, Mr. Bord also maintained a private law practice, doing business as Bord and Bord, in downtown Grafton, West Virginia.

Mr. Bord arranged the space in the offices of Bord and Bord so that he could maintain a separate office, or room, in which he conducted his prosecutorial duties, within the larger space owned or rented by Bord and Bord. Mr. Bord used this separate, segregated office to store files, meet with witnesses, and prepare for trials in conjunction with his duties as assistant prosecuting attorney.

Although this arrangement suited the budgetary constraints of both the Commission and Mr. Bord, in the fall of 1995, it became apparent that various county employees who needed to communicate with Assistant Prosecutor Bord found it difficult to contact him. In order to facilitate more reliable communications between Mr. Bord and the courthouse, the Commission decided to have an additional telephone line installed in Mr. Bord's separate prosecutor's office. The Commission requested Bell Atlantic, the local telephone company, to perform this work.

Appellant Gerald L. Reed was employed by Bell Atlantic as a telephone lineman. At the direction of his employer, Mr. Reed visited the offices of Bord and Bord on November 28, 1995 to install the additional line in the separate prosecutor's office. While working on the installation, Mr. Reed stepped on a set of automobile springs that were resting on the floor of the office, fell, and injured himself. Mr. Reed subsequently filed a successful Workers' Compensation claim for his injuries, and received payment for his medical expenses and a period of temporary total disability.

On November 26, 1997, Mr. Reed, and his wife, Debra L. Reed, filed suit against Mr. Bord, doing business as Bord and Bord, for the injuries Mr. Reed sustained in his accident, on the theory that Mr. Bord's placement of the automobile springs was negligent, and that this negligence was the cause of Mr. Reed's injuries.

Mr. Bord argued in his defense that he, Mr. Bord, was acting as an employee of the Commission at the time of Mr. Reed's injuries, and that W. Va.Code § 29–12A–5(b) provided him with immunity from suit. Mr. Bord also argued that W. Va.Code § 29–12A–5(a)(11) provides political subdivisions with immunity for any claim that is also covered by Workers' Compensation, and thus, because he was acting as an employee of the Commission, that immunity should extend to him as well.

On October 23, 1998, the Circuit Court of Taylor County granted summary judgment in favor of Mr. Bord. The court found that Mr. Bord was acting in his capacity as an

assistant prosecuting attorney, and thus as an employee of the Commission, at the time of the injury to Mr. Reed; that Mr. Reed was eligible to collect and did collect Workers' Compensation benefits as a result of his injuries; that W. Va.Code § 29–12A–5(a)(11) provided immunity from suit for the Commission for injuries that result from a claim covered by any Workers' Compensation law; and that under W. Va.Code § 29–12A–5(b), Mr. Bord was immune from liability in this action.

## II.

## STANDARD OF REVIEW

■ We review, *de novo,* a lower court's grant of summary judgment. Syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). It is equally well established when such a grant is proper: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

## III.

## DISCUSSION

■ As an initial matter, we note that immunity from suit under our law is a narrow exception, to be employed sparingly:

"The general rule of construction in governmental tort legislation cases favors liability, not immunity. Unless the legislature has clearly provided for immunity under the circumstances, the general common-law goal of compensating injured parties for damages caused by negligent acts must prevail." Syllabus Point 2, *Marlin v. Bill Rich Const., Inc.,* 198 W.Va. 635, 482 S.E.2d 620 (1996).

Syl. pt. 1, *Brooks v. City of Weirton,* 202 W.Va. 246, 503 S.E.2d 814 (1998). However, that need not dissuade us from finding immunity when the facts of a case demand.

We also note that, although both the appellee and the lower court make reference to Mr. Reed's award of Workers' Compensation benefits and how that award may affect the Commission's liability, we need not address that line of argument to reach our decision in this case. We decline for the somewhat conspicuous reason that the plaintiff below never sued the Commission. Thus the effect of a Workers' Compensation award upon the liability of a political subdivision is irrelevant to us in the instant matter.

■ Essentially this case turns upon the application of W. Va.Code § 29–12A–1 *et seq.,* also known as "The Governmental Tort Claims and Insurance Reform Act," or more concisely, "The Tort Claims Act." Of specific concern to us in this case is W. Va.Code § 29–12A–5(b), which governs the liability of employees of a political subdivision, such as the County Commission of Taylor County. We previously have summarized the relevant portion of the statute:

West Virginia Code § 29–12A–5(b) provides that employees of political subdivisions are immune from personal tort liability unless "(1) [h]is or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) [h]is or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) [l]iability is expressly imposed upon the employee by a provision of this code."

Syl. pt. *Beckley v. Crabtree,* 189 W.Va. 94, 428 S.E.2d 317 (1993).[1] Thus our analysis is fairly straightforward: provided that we may accurately characterize Mr. Bord as an "employee of a political subdivision," he is immune from personal tort liability unless his actions fall within one of the three statutory exceptions.

---

**1.** The complete text of the subsection reads:
(b) An employee of a political subdivision is immune from liability unless one of the following applies:
(1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;

(2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
(3) Liability is expressly imposed upon the employee by a provision of this code.
W. Va.Code § 29–12A–5(b)(1986).

The drafters of the Tort Claims Act have provided us with a definition of the term employee:

> "Employee" means an officer, agent, employee, or servant, whether compensated or not, whether full-time or not, who is authorized to act and is acting within the scope of his or her employment for a political subdivision. "Employee" includes any elected or appointed official of a political subdivision. "Employee" does not include an independent contractor of a political subdivision.

W. Va.Code § 29-12A-3(a)(1986).

■ It is clear from the record that the Commission permitted Mr. Bord to perform many of his prosecutorial duties in the separate office he established. It is equally clear that the Commission determined the need for the additional line, agreed to pay for the line, and ordered its installation by Bell Atlantic. Thus it is apparent that Mr. Bord was "authorized to act and [was] acting within the scope of his ... employment" when Mr. Reed visited the office to install the line.

■ Having found that Mr. Bord was an employee, and that he was acting within the scope of employment, we still must exhaust the statutory exceptions to immunity contained in W. Va.Code § 29-12A-5(b). We were faced with a similar analysis in the *Crabtree* case, 189 W.Va. 94, 428 S.E.2d 317 (1993), where we considered whether a Sheriff, who accidentally shot and injured another officer while on duty, could be found personally liable for the resulting injury. In that case we noted:

> None of the three exceptions in W. Va. Code § 29-12A-5(b) which would impose personal liability upon the sheriff are applicable in this case. The sheriff's actions in effectuating the arrest of a criminal suspect were clearly within the scope of his employment. Moreover, there is no indication that the sheriff committed any acts with malicious purpose, in bad faith, or in a wanton or reckless manner. No other statutory provision would impose liability upon Sheriff Crabtree.

*Beckley v. Crabtree*, 189 W.Va. 94, 96, 428 S.E.2d 317, 319 (1993). Our conclusion today

is similar. Nothing in the record suggests that Mr. Bord acted with malice, in bad faith, wantonly or recklessly toward Mr. Reed. No separate statutory provision exists that would strip Mr. Bord of his immunity. In short, Mr. Bord, as an employee of the Commission, is immune from any liability for Mr. Reed's accident, and the lower court's grant of summary judgment was appropriate.

## IV.

## CONCLUSION

The lower court's grant of summary judgment in favor of the appellee was correct.

Affirmed.

Justice SCOTT did not participate in the decision in this case.

Judge GARY L. JOHNSON, sitting by temporary assignment.

STARCHER, Chief Justice, dissenting:

(Filed Jan. 6, 2000)

I dissent because there is a key unresolved, material factual issue that precludes summary judgment.

That issue is: what was the reason that automobile springs were in Mr. Bord's office? If the springs were there in connection with a case he was handling as an Assistant Prosecuting Attorney, then they were placed there as part of his official duties as a public employee, and he would be entitled to the immunities inherent in such a status.

But if the springs were placed there as part of Mr. Bord's private practice of law, then the creation of the dangerous conditions, and the negligence that allegedly led to the plaintiff's injuries, were unrelated to and entirely outside the scope of Mr. Bord's employment as a public official.

In this latter event, Mr. Bord would not be covered by any immunity for the claims brought by the plaintiffs.

This issue was never resolved in the circuit court, and should have been—either by stipulation, or trial by a jury, if necessary. Summary judgment was inappropriate.

I am authorized to say that Justice McGRAW joins in this opinion.